UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MILO D. BURROUGHS,

        Plaintiff,

        v.

MARY E. PETERS, Secretary of Department of Transportation,

        Defendant.

CASE NO.  C07-954RSM

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## I.  INTRODUCTION

This matter comes before the Court on defendant's motion for summary judgment. (Dkt. #6).  Defendant argues that plaintiff's four claims must be dismissed because: (1) plaintiff has failed to establish a prima facie case of age discrimination; (2) plaintiff has no sexual discrimination claim because plaintiff has failed to exhaust his administrative remedies; (3) the Freedom of Information Act ("FOIA") does not contain a retaliation provision; and (4) plaintiff cannot assert a constitutional due process claim because there has been no waiver of sovereign immunity allowing plaintiff to maintain a separate constitutional tort action for money damages against the United States or one of its agencies.

Plaintiff responds that he has made the requisite showing to survive summary judgment because he was qualified for a job that he applied for.  Plaintiff also maintains that he was denied minimum due process.  Plaintiff does not address defendant's arguments in regarding the sexual

MEMORANDUM ORDER
PAGE - 1

1  discrimination claim and the FOIA retaliation claim.

2     For the reasons set forth below, the Court agrees with defendant, and therefore

3  GRANTS defendant's motion for summary judgment.

## II.  DISCUSSION

### A.  Background

6     Plaintiff Milo D. Burroughs, appearing pro se, applied to four different Aerospace

7  Engineering positions at the Federal Aviation Administration ("FAA") in early 2002.  All four

8  positions as an Aerospace Engineer required that the applicant "must have a bachelor's degree

9  in engineering or its equivalent in education and experience, plus one year professional

10  engineering experience in, or closely allied to, the field of the position described above."  (Dkt.

11  #10; Exhibit 1).   Furthermore, the specific requirements of the positions plaintiff was applying

12  for were controlled by the United States Office of Personnel Management's Operating Manual

13  and Qualification Standards ("OPM's Operating Manual").  These requirements state:

14     *Basic Requirements:*

15     A.  Degree: professional engineering.  To be acceptable, the curriculum must: (1) be in a
     school of engineering with at least one curriculum accredited by the Accredidation
16     Board for Engineering and Technology (ABET) as a professional engineering
     curriculum; or (2) include differential and integral calculus and courses (more advanced
17     than first-year physics and chemistry) in five of the following seven areas of engineering
     science or physics: (a) statics, dynamics; (b) strength of materials (stress-strain
18     relationships); (c) fluid mechanics, hydraulics; (d) thermodynamics; (e) electrical fields
     and circuits; (f) nature and properties of materials (relating particle and aggregate
19     structure to properties); and (g) any other comparable area of fundamental engineering
     science or physics, such as optics, heat transfer, soil mechanics, or electronics.

20     OR

21
22     B.  Combination of education and experience - college-level education, training, and/or
     technical experience that furnished (1) a thorough knowledge of the physical and
23     mathematical sciences underlying professional engineering, and (2) a good
     understanding, both theoretical and practical, of the engineering sciences and techniques
24     and their applications to one of the branches of engineering.  The adequacy of such
     background must be demonstrated by one of the following:

25        1. *Professional registration* - Current registration as a professional engineer . . .
        Absent other means of qualifying under this standard, those applicants who
26        achieved such registration by means other than written test (e.g., State
        grandfather or eminence provisions) are eligible only for positions that are within

27
MEMORANDUM ORDER
28 PAGE - 2

or closely related to the specialty field or their registration.  For example, an applicant who attains registration through a State Board's eminence provision as a manufacturing engineer typically would be rated elgble only for manufacturing engineering positions.

2.  *Written Test* - Evidence of having successfully passed the Engineer-in-Training (EIT) examination, or the written test required for profession registration . . .

3.  *Specified academic courses* - Successful completion of at least 60 semester hours of courses in the physical, mathematical, and engineering sciences and in engineering that included the courses specified in the basic requirements . . .

4.  *Related curriculum* - Successful completion of a curriculum leading to a bachelor's degree in engineering technology or in an appropriate professional field, e.g., physics, chemistry, architecture, computer science, mathematics, hydrology, or geology, and be accepted in lieu of a degree in engineering, provided that the applicant has had at least [one] year of professional engineering experience acquired under the professional engineering supervision and guidance.  Ordinarily there should be either an establish plan of intensive training to develop professional engineering competence, or several years of prior professional engineering-type experience, e.g., in interdisciplinary positions. (The above examples of related curricula are not all-inclusive.)

(Dkt. #10; Exhibit 4 at pp. 1-2).

Consequently, in order to meet the minimum requirements, an applicant must either: (1) possess a degree in professional engineering pursuant to section A of OPM's Operating Manual; or (2) meet one of the four alternative requirements laid out in section B of OPM's Operating Manual.

Soon after plaintiff submitted his applications, Robyn Collyer, then a Program Management Specialist for the FAA, determined that plaintiff did not meet the minimum qualification standards.[1]  Ms. Collyer indicated that plaintiff "did not have a 4-year college degree in engineering from an accredited university" and "did not qualify under alternate qualification methods."  (Dkt. #7, Exhibit C at p. 2).  However, plaintiff was adamant that he met the qualification requirements.  Therefore Ms. Collyer asked a Human Resources Division

---

[1] Ms. Collyer was responsible for "receiving and reviewing each application and determining whether the applicant [met] the minimum qualifications and specialized experience requirements."  (Dkt. #7, Exhibit C).

MEMORANDUM ORDER
PAGE - 3

1    Staffing Specialist, two engineering managers, and a senior flight test engineer to review

2    plaintiff's application.  Ms. Collyer indicated that all the "individuals independently arrived at

3    the conclusion that [plaintiff] was not qualified for the positions."  (Dkt. #7, Exhibit D at p. 1).

4    As a result, Ms. Collyer sent plaintiff a letter on April 25, 2002, informing plaintiff that he was

5    not qualified.

6         Plaintiff subsequently requested a qualifications review of his application on June 7,

7    2002.  Mariann Crane, manager of the Human Resources Division at the FAA, responded to

8    plaintiff on June 22, 2002.  Ms. Crane stated in pertinent part:

9         Review of the application you submitted for the aforementioned vacancies show that
          your B.S. degree from St. Martin's College in Aviation Operations and Maintenance
10        Management is not an engineering degree.  There is no indication from either your
          transcript or our communication with St. Martin's engineering school that this is a
11        professional engineering degree.

12        * * *

13        There is no evidence from your application that you have successfully passed the
          Engineer in Training (EIT) or the written test required for professional registration
14        administered by a state board of engineering examiners.

15        * * *

16        There is no evidence from your application that you have obtained at least 60 semester
          hours of physical, mathematical, and engineering sciences specified in the basic
17        requirements fully acceptable towards meeting the requirements of a professional
          engineering curriculum.
18
     (Dkt. #7, Exhibit E at p. 2).
19
          Ms. Crane concluded that plaintiff did "not qualify for an Aerospace Engineer under
20
     OPM guidelines."  Id.
21
          On October 11, 2002, plaintiff filed a complaint with the Equal Employment
22
     Opportunity Commission ("EEOC").  Plaintiff alleged that he was discriminated against on the
23
     basis of age, and requested a hearing before an Administrative Judge ("AJ").  On March 22,
24
     2005, the AJ issued a decision without a hearing, holding that plaintiff "did not meet the
25
     minimum qualifications required for the position" and that plaintiff "did not demonstrate that
26
     there was any connection between his age and the Agency's actions."  (Dkt. #7, Exhibit H at p.
27
     MEMORANDUM ORDER
28   PAGE - 4

1   3).  Further, the AJ stated that the FAA "has proffered legitimate, non-discriminatory reasons

2   for its actions[]" and that plaintiff "failed to offer any evidence to suggest that the [FAA's]

3   explanation for its action was only pretext for unlawful discrimination."  *Id.*

4         Plaintiff then appealed this decision to the EEOC's Office of Federal Operations

5   ("OFO") on March 9, 2007.  The OFO affirmed the decision of the AJ, holding that "[w]e

6   concur with the AJ's finding that [plaintff] failed to establish a *prima facie* case of age

7   discrimination because he failed to show that he was qualified for the positions for which he

8   applied."  (Dkt. #7, Exhibit I at p. 3).  Plaintiff then filed a motion for reconsideration of the

9   OFO's decision on April 26, 2007.  The OFO denied the motion, and held that plaintiff "has

10  adduced no evidence that would support a finding that he is qualified for the positions in

11  question.  For that reason, the [original EEOC] decision . . . remains the Commission's final

12  decision.  There is no further right of administrative appeal[.]"  (Dkt. #7, Exhibit J at p. 2).

13        Exhausting his administrative remedies, plaintiff filed the instant action in this Court on

14  June 18, 2007.  Plaintiff's complaint provides in pertinent part:

15          Plaintiff was subjected to age and sex discrimination, retaliation in the FOIA [Freedom
    of Information Act] process, discriminatory animus in the examining phase involving
16  disparate treatment/impact and negative suitability determination.  Failure of minimum
    due process at the agency and EEOC while seeking employment at the Renton, WA
17  office of the FAA.

18  (Dkt. #1 at p. 2).

19        Plaintiff states four claims against defendant: (1) age discrimination; (2) sex

20  discrimination; (3) retaliation under the FOIA; and (4) denial of due process.  Defendant now

21  moves the court for summary judgment to dismiss the four claims.

22      **B. Summary Judgment Standard**

23        Summary judgment is proper where "the pleadings, depositions, answers to

24  interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

25  genuine issue as to any material fact and that the moving party is entitled to judgment as a

26  matter of law."  Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247

27
    MEMORANDUM ORDER
28  PAGE - 5

1   (1986).   The Court must draw all reasonable inferences in favor of the non-moving party.  *See*

2   *F.D.I.C. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992), *rev'd on other grounds,*

3   512 U.S. 79 (1994).  The moving party has the burden of demonstrating the absence of a

4   genuine issue of material fact for trial.  *See Anderson*, 477 U.S. at 257.  Mere disagreement, or

5   the bald assertion that a genuine issue of material fact exists, no longer precludes the use of

6   summary judgment.  *See California Architectural Bldg. Prods., Inc., v. Franciscan Ceramics,*

7   *Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987).

8          Genuine factual issues are those for which the evidence is such that "a reasonable jury

9   could return a verdict for the non-moving party."  *Anderson,* 477 U.S. at 248.  Material facts

10  are those which might affect the outcome of the suit under governing law.  *See id.*  In ruling on

11  summary judgment, a court does not weigh evidence to determine the truth of the matter, but

12  "only determine[s] whether there is a genuine issue for trial."  *Crane v. Conoco, Inc.*, 41 F.3d

13  547, 549 (9th Cir. 1994) (citing *O'Melveny & Meyers*, 969 F.2d at 747).   Furthermore,

14  conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat

15  summary judgment.  *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 60 F. 3d 337, 345

16  (9th Cir. 1995).

17          **C. Plaintiff's Age Discrimination Claim**

18          Federal workers over the age of forty are protected against discrimination in the

19  workplace by the Age Discrimination in Employment Act ("ADEA").  *See* 29 U.S.C. § 633a.

20  This act extends to "[a]ll personnel actions affecting employees or applicants for

21  employment[.]"  *Id.*  Furthermore, in any employment discrimination claim, the plaintiff has the

22  ultimate burden of persuading the trier of fact that the defendant intentionally discriminated

23  against the plaintiff.  *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101

24  S.Ct. 1089, 1093 (1981).   A plaintiff must establish a prima facie case of discrimination by a

25  preponderance of the evidence.  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93

26  S.Ct. 1817, 1824 (1973); *Int'l Brotherhood of Teamsters v. United States*, 431 U.S. 324, 336,

27

28  MEMORANDUM ORDER
    PAGE - 6

97 S.Ct. 1843, 1854 (1977).  In order to establish a prima facie case, a plaintiff must show: (1) that he belongs to a protected class; (2) that he applied and was qualified for a job for which the employer was seeking applicants; (3) that, despite his qualifications, he was rejected; and (4) that, after his rejection, the position remained open and the employer continued to seek applicants from person's of complainant's qualifications.  *See McDonnell Douglas Corp.*, 411 U.S. at 802;  *Lindahl v. Air France*, 930 F. 2d 1434, 1437 (9th Cir. 1991); *Texas Dep't of Community Affairs*, 450 U.S. at 253, n. 6.

In this case, plaintiff has failed to establish a prima facie case of age discrimination. Although plaintiff is a member of a protected class under the ADEA, plaintiff was not qualified for the job he applied for at the FAA.   The OPM's Operating Manual is expressly clear when indicating that in order to meet the *minimum qualification standards*, an applicant must either possess a degree in professional engineering, or meet one of four alternative requirements. Plaintiff clearly does not possess a degree in professional engineering, as his degree from St. Martin's College is in Aviation Operations and Maintenance Management.[2]  St. Martin's, after being contacted by the FAA, confirmed that plaintiff's degree was not an engineering degree. (Dkt. #7, Exhibit E at p. 2).

As a result, plaintiff must prove that he met one of the four alternative requirements set forth by section B of OPM's Operating Manual.  However, plaintiff cannot show that he satisfies any of the alternative requirements.  First, plaintiff did not possess registration as a professional engineer.  Second, plaintiff has not presented evidence of having successfully passed the Engineer-in-Training examination, or a written test required for professional registration.  Third, plaintiff did not successfully complete at least 60 semester hours of course in the physical, mathematical, and engineering sciences.  The administrative record is clear, and the plaintiff has conceded, that plaintiff has approximately 30 semester hours in these related

---

[2] Plaintiff attended St. Martin's University (formerly known as St. Martin's College) from 1973-1974, and was awarded his degree on December 20, 1974.

1   areas.  Lastly, plaintiff cannot satisfy the fourth alternative criteria because plaintiff does not

2   possess a related bachelor's degree in engineering technology or in an appropriate professional

3   field.  Plaintiff acknowledges that he has "had an ongoing contentious dispute over [his]

4   credentials for several years," and that he "contacted Dr. Lazaro, Dean of [the] Engineering

5   College requesting to swap his Maintenance degree for a degree in Mechanical Engineering."

6   (Dkt. #10 at p. 6).  Plaintiff concludes that the Dean "was unable to accommodate me because

7   SMC [St. Martin's College] *did not offer a Mechanical Engineering degree in 1974, at the*

8   *time I thought they did.*" *Id.* (emphasis added).   Plaintiff therefore concedes that he does not

9   possess a degree related to engineering.

10          Consequently, plaintiff cannot survive the second prong of the *McDonnel Douglas* test.

11   The Court grants defendant's motion for summary judgment with respect to this claim.

12          **D.  Plaintiff's Remaining Claims**

13          In his complaint, plaintiff also argues that he was discriminated against on the basis of

14   sex, that the FAA is guilty of retaliation, and that he was denied his minimum due process

15   rights.  However, all of these claims are unwarranted for the following reasons.

16          First, plaintiff has failed to exhaust his administrative remedies in regards to his sexual

17   discrimination claim.  In order for a complainant to maintain a suit of discrimination, "a claimant

18   must exhaust her administrative remedies by filing a claim of discrimination with the allegedly

19   offending agency in accordance with published procedures."  *Leorna v. U.S. Dept. of State*, 105

20   F.3d 548, 550 (9th Cir. 1997).  Here, it is clear that plaintiff has never alleged sexual

21   discrimination in any previous claim to the EEOC.  Plaintiff has not exhausted his administrative

22   remedies.  In any event, plaintiff has not addressed this argument in his response.  Pursuant to

23   Local Rule 7(b)(2), "[i]f a party fails to file papers in opposition to a motion, such failure may

24   be considered by the court as an admission that the motion has merit."  The Court finds that

25   plaintiff's failure to respond to defendant's opposition to his sexual discrimination claim is an

26   admission.  Therefore this claim must be dismissed.

27
     MEMORANDUM ORDER
28   PAGE - 8

1    Second, plaintiff does not have a retaliation claim for the very same reasons he does not

2  have an employment discrimination claim. "In a retaliation case, the burden shifting scheme is

3  much the same as that in an age discrimination case." *Nidds v. Schindler Elevator Corp.*, 113

4  F.3d 912, 919 (9th Cir. 1996) *quoting Lam v. University of Hawaii*, 40 F.3d 1551, 1559 & n.

5  11 (9th Cir. 1994). Since the Court has established that plaintiff has no employment

6  discrimination claim, he likewise has no colorable retaliation claim. In addition, plaintiff has

7  failed to address this claim in his response as well. This claim shall be dismissed.

8    Third, plaintiff's last claim for denial of due process lacks merit. Plaintiff claims he was

9  denied due process by the EEOC because the AJ issued his decision before the time allotted for

10  discovery had run. However, under the Administrative Procedures Act ("APA"), an agency

11  action may be set aside only if it is "arbitrary, capricious, an abuse of discretion, or otherwise

12  not in accordance with the law." 5 U.S.C. § 706(2)(A). Given the overwhelming evidence in

13  this case against plaintiff's claims of discrimination, the Court finds no justification to set aside

14  the AJ's findings. Plaintiff's claim for denial of due process is dismissed.

15  ### III.  CONCLUSION

16    Having reviewed defendant's motion for summary judgment (Dkt. #6), plaintiff's

17  response (Dkt. #10), defendant's reply (Dkt. #11), plaintiff's surreply (Dkt. #12), the

18  declarations in support of those briefs and the exhibits attached thereto, and the remainder of

19  the record, the Court hereby ORDERS:

20    (1) Defendant's motion for summary judgment is GRANTED. Plaintiff's case is

21  DISMISSED WITH PREJUDICE.

22    (2) The Clerk shall forward a copy of this Order to the pro se plaintiff and all counsel of

23  record.

24    DATED this 28th day of September, 2007.

25

26                      RICARDO S. MARTINEZ
                        UNITED STATES DISTRICT JUDGE
27

MEMORANDUM ORDER
28  PAGE - 9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MEMORANDUM ORDER
PAGE - 10